UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| DENNIS L. BOYD, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 6:16-CV-27-GFVT |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SANDRA BUTLER, *Warden*, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Petitioner Dennis L. Boyd is confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI")-Manchester, located in Manchester, Kentucky. Boyd has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his prison disciplinary conviction at FCI-Manchester, which he alleges resulted in the loss of his good-conduct time ("GCT"). [R. 1.] Boyd seeks an order expunging that disciplinary conviction and reinstating his forfeited GCT.[1] Boyd has paid the $5.00 filing fee. [R. 6.]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Boyd is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

---

[1] According to the BOP's website, Boyd, BOP Register No. 14390-045, is projected to be released from BOP custody on August 21, 2020. *See* https://www.bop.gov/inmateloc/ (last visited on August 31, 2016).

1

Thus, at this stage of the proceedings, the Court accepts as true Boyd's factual allegations and liberally construes his legal claims in his favor. As explained below, however, Boyd's habeas petition will be denied because he has not alleged facts supporting his assertion that his disciplinary conviction should be expunged, or that his GCT should be reinstated.

# I

Boyd alleges that on May 19, 2015, FCI-Manchester Correctional Officer ("CO") "B." Feltner issued an Incident Report ("IR") charging him with violating BOP Prohibited Act Code ("PAC") 104, which prohibits the "Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or any instrument used as a weapon." *See* 28 C.F.R. § 541.3, Table 1-Prohibited Acts and Available Sanctions, Greatest Severity Level Prohibited Acts.[2] Boyd did not attach a copy of the IR to his § 2241 petition,[3] but instead paraphrased and/or quoted statements from the IR which he attributes to CO Feltner. Boyd states that on May 19, 2015, at approximately 6:20 p.m., Feltner conducted a random search of Cell No. C03-129, and that in the IR, Feltner wrote: "I located a 9 inch metal screw sharpened to a point in the common area of cell C03-129 beneath the lockers …." [R. 1-1, p. 4.]

---

[2] The BOP ranks violations of prison rules by severity, starting with "Greatest Category" (Code Nos. 100-199); then "High Category" (Code Nos. 200-299); then "Moderate Category" (Code Nos. 300-399); and concluding with "Low Moderate Category" (Code Nos. 400-499). *See* 28 C.F.R. § 541.3(a). Sanctions applicable to each category of offenses are listed in Table 1 of § 541.3, *Prohibited Acts and Available Sanctions*. The infraction to which Boyd refers, "Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or any instrument used as a weapon," is a BOP Code 104 offense which falls into the category of "Greatest Severity" of Prohibited Acts. *See id*.

[3] Boyd may have intended to attach a copy of the May 19, 2015, IR to his § 2241 petition, because he quoted Feltner's statements contained in the IR and stated, "… [*See* Part I, Incident Report at p. 11]." R. 1-1, p. 4. While Boyd attached documentation showing his efforts to administratively exhaust his claims, Boyd did **not** attach a copy of the IR to his § 2241 petition.

According to Boyd, the FCI-Manchester Unit Disciplinary Committee referred the charge to a Disciplinary Hearing Officer ("DHO") for resolution; on June 18, 2015, the disciplinary hearing transpired at FCC-Manchester; and on that same day, the DHO issued his Report, in which he found Boyd guilty of the charged PAC 104 offense [*Id.*] Boyd alleges that DHO based his finding of guilt solely on the statements and allegations contained in the IR, and incorrectly concluded that the IR constituted the "greater weight of the evidence" supporting the guilty verdict. Boyd hotly disputes that the IR could or should qualify as the "greater weight of the evidence" which would support a finding of guilt.

Boyd also failed to attach a copy of the DHO Report to his § 2241 petition.[4] Boyd instead either broadly characterized the DHO's conclusions, or cited in block quotation form what appear to be the DHO's *verbatim* reasons for finding Boyd guilty of the PAC 104 offense. Boyd states that in his Report, the DHO made the following statements:

> The officer has no apparent motive to wrongly implicate you, or any vested interest in you one way or another … you have an obvious reason to be less than candid to … avoid the consequences and … accordingly, your denial did not outweigh the officer's account, and his attestment was given greater weight in deciding the issue.
>
> The DHO also took into account the following:
>
> Your [*sic*] are responsible for maintaining your assigned cell free and clear of all contraband items. You acknowledged being aware of this responsibility. Being assigned to cell #129 made you responsible for keeping it free and clear of contraband, and also responsible (culpable) for any contraband items discovered therein. You and your cell mate excercised [*sic*] the most supervision over your ... and you both spent hours at a time in that living area. Both you and your cell mate deny possession of the weapon. The weapon was discovered in a common area of the cell, affording you and your cell mate access to it.

---

[4] Again, Boyd may have intended to attach a copy of the June 18, 2015, DHO Report to his § 2241 petition, because after discussing its contents, he stated: "See DHO Report at pages 2-3." [*Id.*, p. 6.] However, Boyd did **not** attach a copy of the DHO Report to his § 2241 petition.

> Officer Feltner was able to locate and retrieve the weapon with minimum time and effort, and without the use of any special tools or procedures. He searched the area under-neath the lockers and investigated for contraband. The DHO finds no reason to believe you couldn't have as well.
>
> The DHO checked your quarters assignment and discovered you had been assigned to cell #129 for nearly three (3) months prior to the discovery of the weapon.... The DHO can not [*sic*] ignore the fact that the weapon was the lockers, which is known amongst staff and inmates ... a common area to hide contraband ... The DHO does not find it reasonable to believe you would be naive enough not to chech [*sic*] that area for contraband and know it was there. For this reason, the DHO can find no merit in your denial. The DHO finds you had the opportunity and well more than ample time, to have located and discarded of the weapon if you had not wanted it to be in your possession....

[*Id.*, p. 7.][5]

Boyd does not specify in his § 2241 petition form, in his Memorandum, or in any of his administrative remedy documentation, exactly how many days of his GCT were forfeited as a result of the disciplinary conviction. Boyd states only that "…good time credits were taken among other things." [R. 1, p. 4, ¶ 3.] According to the applicable BOP regulation, a conviction of a "Greatest Severity" offense would result in: (1) the revocation of 100% of any non-vested GCT, and/or the termination or disallowance of extra good time, and (2) the disallowance ordinarily between 50% and 75% (27-41 days) of GCT time credit available for a year. *See* 28 C.F.R. § 541.3, Table 1-*Prohibited Acts and Available Sanctions, Greatest Severity Level Prohibited Acts*, §§ (B) and (B.1.)

On July 21, 2015, Boyd submitted a BP-10 appeal to the BOP's Mid-Atlantic Regional Office ("MARO"), alleging that his due process rights were violated because DHO had insufficient evidence on which to base his finding of guilt, thus violating his rights set forth in BOP Program Statement ("PS") 5270.09, *Inmate Discipline Program*, and 28 C.F.R. § 541.7;

---
[5] Again, Boyd indicates that he attached a copy of the DHO Report, stating: "See DHO Report id. at pages 3 of 4." [R. 1-1, p. 7.] The DHO Report was **not** attached as an exhibit to Boyd's § 2241 petition.

that the DHO relied on "unsubstantiated claims and conjecture" in reaching his conclusions; and that the DHO failed to review and preserve video surveillance evidence. *See* MARO appeal, R. 1-2, at pp. 1-2. On September 17, 2015, Matthew Mellady, acting on behalf of J. F. Caraway, Regional Director of the MARO, denied Boyd's BP-10 appeal, finding that DHO's findings were accurate and based on adequate facts. [*Id*., p. 3.] Mellady explained, in relevant part:

> The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. The DHO found that you committed the prohibited act based on the greater weight of the evidence presented, which included the reporting staff member's account of the incident. The DHO accurately and adequately explained to you in Section V of the DHO report the specific evidence relied on to find you committed the prohibited act.
>
> You do not provide, nor do we find, any evidence the discipline process was conducted in a manner contrary to policy, or that your due process rights were violated in any way.
>
> We find the required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense.

[*Id*.]

On September 29, 2015, Boyd appealed the MARO's decision to the BOP Central Office, arguing that the MARO's response was "inadequate and baseless;" that the DHO relied upon conjecture and supposition; that the required disciplinary procedures were not substantially followed; and that his disciplinary conviction should be vacated "with prejudice." [*Id*., p. 4.] On November 3, 2015, the BOP Central Office notified Boyd that it would need until December 18, 2015, in which to respond to his BP-11. [*Id*., p. 5.] Boyd alleges that as of February 11, 2016, the date on which he filed his § 2241 petition, he had not received a dispositive response from the Central Office. Assuming that no response has since been forthcoming since that date, the

5

lack of a response constitutes a denial of a final appeal. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

## II

Boyd seeks an order setting aside his disciplinary conviction and reinstating his forfeited GCT, although again, it is unclear what exact amount of GCT is at issue in this proceeding. Boyd alleges that at the DHO hearing, he vigorously protested having either knowledge or possession of the existence of the weapon found underneath the lockers in his cell (No. 129), noting that numerous other FCI-Manchester inmates had prior access to the area, and that he should not be held liable for the actions of other inmates who had previously occupied or been in Cell No. 129, and who could have hidden the homemade weapon underneath the lockers in that cell. Boyd contends that DHO improperly concluded that he was responsible for the existence of a weapon based on a "constructive possession" theory instead of concrete, definitive evidence which proved that he had actual knowledge and/or possession of the weapon found under the lockers in his cell.

Boyd thus challenges the sufficiency of the evidence used to convict him of the PAC 104 offense, which consisted of the allegations contained in the IR, claiming that the IR did not satisfy the "some evidence" standard established in 28 C.F.R. § 541.8(f). *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). Boyd further contends that the DHO erred by disregarding his version of the events and his argument that he lacked any knowledge of the existence of the weapon, despite the fact that he had been assigned to Cell No. 129 for three months prior to the

discovery of the homemade weapon. Boyd seeks an order expunging his disciplinary conviction from his BOP record and reinstating his forfeited GCT.

**III**

Boyd has not alleged any type of due process violation which would entitle him to the habeas relief which he seeks in this proceeding. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court explained that when a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the inmate receive: 1) written notice of the charges at least 24 hours in advance of the disciplinary hearing; 2) a written statement by the fact finder as to the evidence relied on and reasons for the disciplinary action; 3) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals; and 4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *Wolff*, 418 U.S. at 564-566. Here, Boyd alleges no facts in his § 2241 petition which would support a finding that the *Wolff* procedural requirements were not satisfied in this case.

Next, to the extent that Boyd alleges that the BOP ignored its own program statement and other internal policies, specifically PS 5270.09, *Inmate Discipline Program*, and 28 C.F.R. § 541.7, he provides no facts in support of that allegation, but if he had demonstrated such a violation, he nevertheless would not be entitled to habeas relief under § 2241. The requirements of procedural due process are defined by the United States Constitution, not by an agency's internal regulations or guidelines. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Thus, an agency's alleged failure to adhere to its own policies or guidelines does not state a due process claim. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, (1985); *Smith v. City of Salem,*

7

*Ohio*, 378 F.3d 566, 578 (6th Cir. 2004); *Slater*, 2012 WL 1655985, at *5. That is because prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates...." *Sandin*, 515 U.S. at 481-82; *see also Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (holding that noncompliance with timing provisions of 28 C.F.R. § 541.15(a) and (b) did not violate inmate's due process rights because those prison regulations do not "shield inmates from an 'atypical or significant hardship ... in relation to the ordinary incidents of prison life'" and thus do not give rise to independent liberty interest protected by due process) (quoting *Sandin*, 515 U.S. at 484)). In summary, Boyd has not established a due process violation based on any alleged violation of a BOP internal policy.

Next, Boyd fails to state any grounds justifying habeas relief with respect to his argument challenging the sufficiency of the evidence upon which the DHO relief in convicting him of the PAC 104 offense. Boyd claims that the IR provided insufficient grounds which justified the DHO's conclusion that he possessed an illegal homemade weapon; that the DHO lacked hard-and- fast evidence which conclusively proved either that he had actual knowledge of the existence of the weapon or that he actually hid the weapon in his cell; and that the DHO summarily rejected his own version of the events. But on this issue, Boyd utterly fails to understand that only "some evidence" (not proof beyond a reasonable doubt as required in a criminal proceeding) is needed to support a disciplinary conviction in a prison setting.

As *Wolff* indicates, a DHO's decision to forfeit good time credits need not comport with the requirement of proof beyond a reasonable doubt which applies in criminal trials; the DHO need only base his or her decision on "some" evidence, or, the evidence is conflicting, on "the greater weight of the evidence," 28 C.F.R. § 541.8(f); *Hill*, 472 U.S. at 455–56; *see also Kelley v.*

8

*Warden, F.C.I. Elkton*, No. 4:13-CV-662, 2013 WL 4591921, at *5 (N. D. Ohio, Aug. 26, 2013) ("Although the evidence in this case might be characterized as limited, a DHO's finding does not rely on the same amount of evidence necessary to support a criminal conviction.") The "some evidence" standard requires only that the "disciplinary decision is not arbitrary and does have evidentiary support." *Superintendent v. Hill*, 472 U.S. at 457.

In *Hill*, the Supreme Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating: "Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Hill*, 472 U.S. at 456.

The "some evidence" standard is a lenient one, and requires only that the "disciplinary decision is not arbitrary and does have evidentiary support." *Hill*, 472 U.S. at 457. Even meager proof will suffice. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000); *see also Williams v. Bass*, 63 F.3d 483, 486 (6th Cir. 1995). A district court has no authority under the guise of due process to review the resolution of factual disputes in a disciplinary decision; its role is not to re-try a prison disciplinary hearing, weigh the evidence, or independently assess witness credibility. *Hill*, 472 U.S. at 455; *Humphreys v. Hemingway*, 77 F. App'x 788, 789 (6th Cir. 2003). Further, the evidence need not logically preclude any conclusion but the one reached by the hearing officer in the disciplinary proceeding. *Falkiewicz v. Grayson*, 271 F.Supp.2d 942, 948 (E.D. Mich. 2003).

Even without the benefit of copies of the actual IR and DHO Report, and relying only on Boyd's summaries of the information and verbatim recitation of the information contained in those two documents, the Court concludes that "some evidence" of Boyd's guilt existed in this proceeding. Here, "some evidence" existed in the form of the CO Feltner's factual assessments in the IR concerning the discovery of the weapon and his conclusion that Boyd, as the occupant of that cell and the person responsible ensuring that the cell was contraband-free, was responsible for the existence of the weapon. The IR, standing alone, even though hotly contested by Boyd, was sufficient to justify the DHO's conclusions that Boyd committed the PAC 104 offense and that his arguments were not convincing. It is well established that a DHO need not accept what the inmate perceives to be the "best" or most convincing or persuasive set of facts. *See Sarmiento v. Hemingway*, 93 F. App'x 65, 68 (6th Cir. 2004) (affirming the DHO's determination that the greater weight of the evidence supported his decision finding Sarmiento guilty of "tampering with a security device" in violation of PAC 208, even where the facts were in dispute); *Johnson v. Patton*, No. 06-CV-HRW, 2006 WL 950187, at *5 (E.D. Ky. April 12, 2006) ("While these facts are not one hundred percent conclusive of whether the petitioner violated Code 108, they are adequate facts upon which to base a prison disciplinary conviction. They constitute "some" facts upon which the DHO was entitled to rely in finding the petitioner guilty of violating Code No. 108.")

As noted, this Court's role is not to weigh the credibility of the evidence or substitute its judgment for that of the DHO, and the DHO's decision need not comport with the requirement of proof beyond a reasonable doubt, the standard applicable to criminal trials. *Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply

of rights due a defendant in such proceedings does not apply."); *Miles v. USP-Big Sandy*, No. 7:11-CV-58-KSF, 2012 WL 1389274, at *3 (E. D. Ky. Apr. 20, 2012) (citing *Wolff*). Contrary to Boyd's assertions, even the meager proof contained in the IR constituted "some" evidence upon which the DHO could reasonably rely in finding Boyd guilty of the PAC 104 offense and ordering the forfeiture of GCT.

Finally, Boyd's argues that a guilty verdict should have rested only on a showing of "actual knowledge" or "actual possession" of the existence of the discovered weapon, not constructive possession. But this Court has consistently rejected the same argument from § 2241 petitioners who have been convicted of possessing contraband or weapon discovered within their prison cells. *See Farris v. Wilson*, No. 09-CV-127-GFVT, 2009 WL 3257955, at *4 (E.D. Ky. Oct. 8, 2009) (citing *Gordon v. Yost*, No. Civ. A. 04-316J, 2006 WL 2345944, at *4 (W.D. Pa. Apr. 10, 2006)); *Perez v. Rios*, No. 7:08-CV-171-KKC, 2009 WL 499141 (E.D. Ky. Feb. 27, 2009); *Kenner v. Martimer*, No. 7:08-CV-73-KKC, 2008 WL 2355832, at *3 (E.D. Ky. Jun. 6, 2008); *Sales v. Dewalt*, No. 5:08-CV-114-KKC, 2008 WL 1995135 (E.D. Ky. May 6, 2008). Boyd's argument on this issue simply lacks merit.

Based on the foregoing discussion, Boyd is not entitled to relief from his disciplinary conviction, the expungement of that conviction from his BOP record, or to the restoration of his forfeited GCT. His § 2241 habeas petition will be denied.

**IV.**

Accordingly, for the reasons discussed above, it is hereby **ORDERED** as follows:

1. Petitioner Dennis L. Boyd's 28 U.S.C. § 2241 petition for a writ of habeas corpus [**R. 1**] is **DENIED.**

2. The Court will enter an appropriate Judgment.

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 7th day of September, 2016.

Gregory F. Van Tatenhove
United States District Judge